# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

QUEINTON LAVELL MATTHEWS, JR.,

       Plaintiff,

       v.                                 Case No. 11-CV-852

WAUPACA COUNTY JAIL,
and MARIA KURYLO,

       Defendants.

---

ORDER GRANTING THE PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (DOC. # 2), DISMISSING WAUPACA COUNTY JAIL AS A DEFENDANT, AND ORDERING SERVICE OF THE COMPLAINT

The *pro se* plaintiff, Queinton Lavell Matthews, Jr., who is incarcerated at the Waupaca County Jail, filed a complaint under 42 U.S.C. § 1983. This matter comes before the court on Matthews' petition to proceed *in forma pauperis*.

Matthews is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. Matthews has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and has paid an initial partial filing fee of $1.67.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In order "[t]o state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The complaint "does not need detailed factual allegations," but it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. ___ , 129 S. Ct. 1937, 1949 (2009). Accordingly, in reviewing a complaint, courts reject those allegations that are mere conclusions, and determine whether the facts alleged "plausibly give rise to an entitlement to relief" by "permit[ting] the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950.

Matthews alleges that he filed a grievance against Jail Deputies Maria Kurylo and Emily Ricken because they falsely called him a homosexual. After Matthews filed the grievance, he received a response from Kurylo stating that he should let it go because they were just joking. Instead, Matthews appealed the grievance to a Lieutenant, and began experiencing retaliation. Kurylo and Ricken have interfered with Matthews' mail, played with his food, and prevented him from going to school and the law library. In addition,

when Matthews asked Kurylo why he had not seen classification, she laughed at him and told him that he would never leave maximum, because that is what happens to inmates who "write grievances on C/Os." (Complaint at 5). Matthews seeks $30,000 in damages from each defendant due to this retaliation in violation of his First Amendment rights.

Matthews may proceed on a First Amendment retaliation claim. This requires a plaintiff to demonstrate that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Matthews has identified his First Amendment right to petition for redress of grievances and alleges that the defendants retaliated against him for doing so. At this stage in the proceedings, his allegations also adequately suggest that he suffered a deprivation significant enough to deter future First Amendment activity. The Waupaca County Jail, however, is not a proper defendant and must be dismissed. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993)("Cook County Jail is not a 'person' . . . ."), and *Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004) ("[T]he Marathon County Sheriff's Department is not a legal entity separable from the county government which it serves and is therefore, not subject to suit."). Therefore,

IT IS ORDERED that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 2) is GRANTED.

IT IS FURTHER ORDERED that defendant Waupaca County Jail is DISMISSED.

IT IS FURTHER ORDERED that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of

Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

IT IS ALSO ORDERED that the defendant shall file a responsive pleading to the complaint.

IT IS FURTHER ORDERED that the Waupaca County Sheriff shall collect from the plaintiff's prison trust account the $348.33 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS ALSO ORDERED that copies of this order be sent to the Waupaca County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

IT IS FURTHER ORDERED that the plaintiff shall submit all correspondence and legal material to:

Honorable Charles N. Clevert, Jr.
% Office of the Clerk
United States District Court

Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 10th day of November, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge